Filed 4/16/14  P. v. Suzuki CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064401 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN273301) |
| TOSHIO SUZUKI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

Dawn S. Mortazavi, under appointment by the Court of Appeal; Toshio Suzuki, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Toshio Suzuki appeals from a judgment following a guilty verdict in a bench trial on charges of misdemeanor assault (Pen. Code, § 245, subd. (a)(1)),[1] resisting an

---

1       Unless otherwise indicated all further statutory references are to the Penal Code.

executive officer (§ 69), disobeying a court order (§ 166, subd. (a)(4)), and attempting to harm or interfere with a police animal (§ 664).

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We invited Suzuki to file a supplemental brief.  Suzuki responded with several documents, some of which were not pertinent to this appeal and which we determined were inappropriate for filing, but some of which we have deemed to constitute Suzuki's supplemental appellate briefing.  After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

Suzuki was renting an apartment for which he had failed to pay rent, causing his landlord to obtain an eviction order.  When deputy sheriffs arrived to force Suzuki's eviction on February 18, 2010, Suzuki refused to open the door.  The deputies therefore gained entrance to the apartment by breaking a glass patio door.  When deputies came toward Suzuki inside the apartment, Suzuki swung at them with a three-foot-long metal rod.  A deputy told Suzuki to drop the rod or he would send in his police dog, but Suzuki continued swinging and struck some furniture while trying to hit the police dog.  One of the deputies fired a beanbag rifle at Suzuki; another deputy deployed his taser on Suzuki; and the police dog was deployed to bite Suzuki's leg.  The deputies then struggled with Suzuki and got him under control.

2

Suzuki was charged with two counts of assault with a deadly weapon or force likely to cause great bodily injury (§ 245, subd. (a)(1)); one count of resisting an executive officer (§ 69); one count of disobeying a court order (§ 166, subd. (a)(4)); and one count of attempting to harm or interfere with a police animal (§ 664). The assault counts were reduced to misdemeanors on the People's motion.

Suzuki was found to be mentally incompetent to stand trial in April 2010 and was committed to a psychiatric hospital.

The trial court found Suzuki mentally competent to stand trial in December 2011 and August 2012, and held a bench trial in October 2012. The trial court found Suzuki guilty on all counts and placed Suzuki on three years' formal probation.

Suzuki filed a notice of appeal.

II

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified as a possible but not arguable issue: whether there was sufficient evidence presented to uphold the conviction.

After we received counsel's brief, we afforded Suzuki an opportunity to file a supplemental brief. Suzuki responded with a large volume of documents, many of which

3

contain arguments unrelated to his conviction,[2] but some of which we have deemed to constitute Suzuki's supplemental briefing for this appeal. Although Suzuki's supplemental briefing on the issues concerning his conviction is difficult to follow and unsupported by any legal authority or citation to the record, he repeatedly raises the following issues: (1) the trial court judges, the district attorney and the public defenders were not properly appointed ; (2) his eviction was "against the past Court judgments"; and (3) certain documents related to his case lack signatures. We have reviewed the record and have found no support or merit to Suzuki's supplemental arguments as a basis for reversing his conviction.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel and Suzuki, has disclosed no reasonably arguable appellate issue. Suzuki has been adequately represented by counsel on this appeal.

---

2     In Suzuki's arguments unrelated to his conviction that appear in the documents we have accepted for filing, some of Suzuki's main subjects are the purported inadequacy of the mental health treatment he is currently receiving, and his beliefs about the influence of electromagnetic transmissions. This appeal is not a proper forum to raise those issues as they are not within the scope of the trial court's judgment of conviction, and we accordingly do not consider them here.

DISPOSITION

The judgment is affirmed.


                                                                    IRION, J.

WE CONCUR:


HALLER, Acting P. J.


AARON, J.